IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ALICIA GOOLSBY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 3:22-CV-82-CAR |
| | : | |
| CITY OF MONROE; BETH | : | |
| THOMPSON; and LES RUSSELL, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION ON MATTERS RELATING TO DEFENDANTS' DEPOSITION OF PLAINTIFF

Before the Court are Plaintiff Alicia Goolsby's Motion for Reconsideration of the Court's Order granting Defendants' motion for partial dismissal, and her Motion on Matters Relating to Defendants' Deposition of Plaintiff Alicia Goolsby. For the reasons discussed below, the Court **DENIES** Goolsby's Motion for Reconsideration [Doc. 22] and **DENIES without prejudice** her Motion on Matters Relating to Defendants' Deposition of Plaintiff [Doc. 16].

## BACKGROUND

Plaintiff Alicia Goolsby filed this action against the City of Monroe (the "City"), City finance director Beth Thompson ("Finance Director Thompson"), and City human resources director Les Russell ("HR Director Russell") (collectively "Defendants"),

asserting employment discrimination and retaliation claims under Title VII, 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 1985. On September 1, 2023, the Court granted Defendants' motion for partial dismissal dismissing all claims against Finance Director Thompson and HR Director Russell, and dismissing Goolsby's Title VII disparate impact and hostile work environment, § 1981, § 1983, and § 1985 claims against the City.[1] Goolsby's Title VII disparate treatment race discrimination and retaliation claims against the City will go forward. Discovery expires on October 30, 2023, and any dispositive and *Daubert* motions are due by November 28, 2023.

Goolsby now moves the Court to reconsider dismissal of her claims under Federal Rule of Civil Procedure 59(e) and for a protective order under Rule 26(c) to exempt her from paying any fees she may incur related to the videography of her deposition.

## MOTION FOR RECONSIDERATION

### I.    Standard of Review

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts, upon motion, to alter or amend a judgment.[2] Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[3] "[I]t is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an

---

[1] Order on Defendants' Motion for Partial Dismissal [Doc. 21].
[2] Fed. R. Civ. P. 59(e).
[3] M.D. Ga., L.R. 7.6.

extraordinary remedy to be employed sparingly."[4] Accordingly, the Court should only grant these motions in three limited circumstances: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered; or (3) reconsideration is needed to correct clear error or prevent manifest injustice.[5] A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[6] Ultimately, whether to grant a motion for reconsideration is within "the sound discretion" of the district court.[7]

## II.    Discussion

Plaintiff fails to provide any legitimate reason for the Court to reconsider its dismissal of her claims. Plaintiff simply attempts to relitigate legal issues already decided by the Court including the Court's conclusions that her § 1981 claims against Finance Director Thompson and HR Director Russell in their individual capacities alleging racial discrimination and retaliation failed to state a claim.[8] "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once

---

[4] *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (internal quotation marks omitted).

[5] *Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005).

[6] *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

[7] *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-806 (11th Cir. 1993).

[8] Together with her Motion for Reconsideration, Goolsby submits excerpts from the deposition of HR Director Russell taken on June 14, 2023. [Doc. 22, Exhibit B]. "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays v. United States Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). Plaintiff does not allege the evidence was unavailable during the pendency of the motion or that she could not have discovered it before the entry of judgment. The Court did not issue its Order until September 1, 2023, therefore, Goolsby cannot show the deposition excerpt was not available during the pendency of the partial motion to dismiss.

determined.  Court opinions are not intended as mere first drafts, subject to revision and

reconsideration at a litigant's pleasure."[9]  The Court considered the parties' briefing on

the issues and rejected Goolsby's arguments. The Court will not grant reconsideration to

relitigate already decided matters.  The Court finds that the disfavored and extraordinary

remedy of relief under Rule 59(e) is unwarranted.

**MOTION ON MATTERS RELATING TO DEFENDANTS'
DEPOSITION OF PLAINTIFF**

On May 30, 2023, Defendants deposed Goolsby by stenography and videography.

Plaintiff moves the Court to order that Defendants will bear all costs of videography

regardless of the outcome of this case pursuant to Federal Rule of Civil Procedure 26(c).

Even assuming Goolsby's request is timely, she has failed to establish sufficient undue

burden or expense to issue a protective order.

**I.      Standard of Review**

Federal Rule of Civil Procedure 26(c) provides that a court may, for good cause,

issue an order protecting a party from, among other things, undue burden or expense.

One method at the court's disposal is specifying the allocation of expenses for the

discovery.[10] "The burden is on the movant to show the necessity of the protective order,

and the movant must meet this burden with a 'particular and specific demonstration of

---

[9] *Am. Ass'n of People with Disabilities v. Hood,* 278 F.Supp.2d 1337, 1340 (M.D. Fla. 2003) (internal citations
and quotation marks omitted).
[10] Fed. R. Civ. P. 26(c)(1)(B).

fact as distinguished from stereotyped and conclusory statements.'"[11] "Although difficult to define in absolute terms, [good cause] generally signifies a sound basis or legitimate need to take judicial action."[12]

## II.   Discussion

Plaintiff conclusively argues the videographic recording of her deposition was "unnecessary and will potentially burden [her] with undue expenses,"[13] and that Defendants will use the cost of videography "as leverage over the working individual Plaintiff."[14] But the mere fact that Plaintiff is a working individual who will potentially be burdened by these expenses is insufficient cause to issue a protective order. The parties may raise these arguments at the conclusion of the case via a motion for taxation of costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.

## CONCLUSION

For the reasons stated herein, Goolsby's Motion for Reconsideration [Doc. 22] is **DENIED** and her Motion on Matters Relating to Defendants' Deposition of Plaintiff [Doc. 16] is **DENIED without prejudice**.

*[signature on following page]*

---

[11] *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

[12] *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987).

[13] Doc. 16 ¶ 3.

[14] *Id.* ¶ 5.

**SO ORDERED**, this 5th day of October, 2023.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT